**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HUGUETTE NICOLE YOUNG,**

       **Plaintiff,**

  v.                           **Civil Action 2:20-cv-5236
                                  Judge Edmund A. Sargus
                                  Magistrate Judge Kimberly A. Jolson**

**DAVE YOST,**

       **Defendant.**

## REPORT AND RECOMENDATION

This matter is before the Undersigned on Plaintiff's Motion for Leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (Doc. 1). The Court twice ordered Plaintiff to submit a supplemental memorandum with the relevant financial information. (*See* Docs. 5, 7). Plaintiff filed a frivolous motion to reconsider, which the Court denied. (Docs. 6, 7). On November 10, 2021, Plaintiff appealed that finding to the Sixth Circuit, (Doc. 8), which dismissed her appeal for want of prosecution on December 30, 2020 (Doc. 10).

On January 5, 2021, the Undersigned issued a show cause order, requiring Plaintiff to provide the relevant financial information necessary to rule on her application, or to otherwise show cause why she cannot provide such information. (Doc. 11). The Undersigned cautioned that failure to comply could result in a recommendation that this case be dismissed for want of prosecution. (*Id*.). Twenty-two days have passed since that order, and Plaintiff has not submitted the relevant financial information or otherwise responded.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *Nye Cap. Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

These factors weigh strongly in favor of dismissal here. As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous orders is due to Plaintiff's willfulness or fault. The Court repeatedly directed her to provide her financial information. Instead of doing so, she moved for reconsideration and appealed to the Sixth Circuit.

The second factor is neutral as Defendant has not been served, and therefore, has not been prejudiced by Plaintiff's failure to comply with the Court's order. The next factor weighs in favor of dismissal since the Court warned that Plaintiff's case could be dismissed if she failed to provide the relevant financial information necessary to rule on her application or otherwise show cause why she cannot do so. (*See* Doc. 11).

Finally, the Undersigned concludes that alternative sanctions would not be effective. Plaintiff has shown she is unwilling to either pay the mandatory filing fee or support her request to proceed *in forma pauperis*. There is no path forward as a result.

For the reasons set forth above, the Undersigned **RECOMMENDS** that Plaintiff's case be dismissed pursuant to Rule 41(b).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  January 29, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE